**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LINDA M. CHAVERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC; *et al.*,<br><br>　　　　Defendants.<br>_____ | CASE NO. CV 11-01097 ODW (SSx)<br><br>Order **GRANTING** in Part and **DENYING** in Part Defendants' Motions to Dismiss [21, 22] [Filed 08/22/11, 08/23/11] |

## I.  INTRODUCTION

Pending before the Court are the following two concurrently-filed Motions: (1) Defendant, Fidelity National Title Company's ("Fidelity") Motion to Dismiss Plaintiff, Linda M. Chaver's ("Plaintiff") First Amended Complaint ("FAC"), (Dkt. No. 21), and (2) Defendants, GMAC Mortgage, LLC ("GMAC"), Executive Trustee Services, LLC ("Executive"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS"), Motion to Dismiss Plaintiff's FAC, (Dkt. No. 22).[1]  Plaintiff filed two Oppositions on September 7, 2011, (Dkt. Nos. 23, 24), to which Defendants filed their respective Replies on September 12, 2011 and September 13, 2011, (Dkt. Nos. 26, 27).  Having considered the papers filed in support of and in opposition

---

[1] Where appropriate, the Court refers to Fidelity, GMAC, Executive, and MERS collectively as "Defendants."

to the instant Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, Defendants' Motions are **GRANTED** in part and **DENIED** in part.

## II.    FACTUAL BACKGROUND

This case arises out of a mortgage loan obtained by Plaintiff from Direct Funding on or about March 17, 2006, in the amount of $399,000.00 (the "Subject Loan"). (FAC ¶ 19.) The note was secured by a Deed of Trust naming Direct as beneficiary of the Subject Property located at 1226 Westcove Place, West Covina, California 91790. (FAC ¶ 1.) On October 16, 2006, a Corporation Assignment of Deed of Trust was recorded with the Los Angeles County Recorder's Office, which assigned beneficial interest in the Deed of Trust to MERS. (Defendants' RJN, Exh. B.)[2]

On January 18, 2007, a Substitution of Trustee was recorded with the Los Angeles County Recorder's Office, substituting Executive Trustee Services, LLC as the trustee of the Deed of Trust. (Defendants' RJN, Exh. C.) As of January 9, 2009, Plaintiff was in default of the amount of $21,600.97. (Defendants' RJN, Exh. D.) As a result of Plaintiff's default, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the Los Angeles County Recorder's Office. (Defendants' RJN, Exh. D.) A Notice of Trustee's Sale was recorded with the Los Angeles County Recorder's Office on April 14, 2009. (Defendants' RJN, Exh. E.) On January 12, 2010 GMAC obtained title to the Subject Property from the foreclosure sale for the purchase price of $414,000.00. (Defendants's RJN, Exh. F.)

As a result of the foreclosure sale, on February 4, 2011, Plaintiff filed a Complaint in this Court, asserting fourteen causes of action against Defendants.[3] Plaintiff essentially argues

---

[2] In the context of a Motion to Dismiss, a court may take judicial notice of documents that are matters of public record, provided that those documents fall within the purview of Federal Rule of Evidence 201 ("Rule 201"). *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court takes judicial notice of the filing dates for the documents to which it cites, but does not take judicial notice of the facts contained therein.

[3] The fourteen causes of action are for: (1) violations of TILA; (2) violations of RESPA; (3) fraud; (4) Elder & Dependent Adult Abuse; (5) contractual breach of good faith and fair dealing; (6) unconscionability; (7) violations of California Civil Code sections 1920(a); (8)

that Defendants violated various federal and state laws by the use of allegedly predatory lending practices, deception, and by taking advantage of an elderly woman. (FAC ¶¶ 20-40.) Plaintiff further alleges that Defendants wrongfully foreclosed on her property. (FAC ¶ 39.) In that regard, Plaintiff claims that Defendants had no right to foreclose upon the Subject Property because Defendants' security interest in the Subject Property should be rendered void by law due to numerous violations of TILA, RESPA, the California Civil Code, and the California Business and Professions Code. (FAC ¶ 39.) Defendants now bring the instant Motion to Dismiss the Complaint in its entirety.

### III.  LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th

---

1916.7b(2); (9) 1916.7(b)(4)B; (10) 1916.a(8); (11) California Business and Professions Code section 10241.3; (12) California Business and Professions Code section 17200; (13) declaratory relief; (14) and quiet title.

Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

Defendant brings the instant Motion seeking to dismiss Plaintiff's claims for violation of TILA, RESPA, fraud, the Elder & Dependent Adult Abuse Act, breach of the implied covenant of good faith and fair dealing, unconscionability, violations of the California Civil Code, violations of California Business and Professions Code, declaratory relief, and quiet title. The Court addresses each in turn.

### A.   PLAINTIFF'S TILA CLAIM

#### 1.   RESCISSION

Plaintiff alleges violations of the Truth in Lending Act ("TILA") against all defendants. (Compl. at 21-24.) Defendants argue Plaintiff has failed to state a claim for rescission under TILA because Plaintiff fails to adequately allege she can or will tender the loan proceeds. (Mot. at 10.)

Section 1635(b) does not state whether the ability to tender is a pleading requirement for a rescission claim. *Lonberg v. Freddie Mac*, 776 F. Supp. 2d 1202, 1207 (D. Or. 2011). In *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), the Ninth Circuit stated that the district court may alter the sequence of procedures in § 1635(b) and has the "discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Id.* at 1171; *Lonberg*, 776 F. Supp. 2d at 1207. "Many district courts have held that in order to survive a Rule 12(b)(6) motion, a claim for rescission must be conditioned on a tender offer by plaintiff." *Lonberg*, at 1207; *see also Nejo v. Wilshire Credit Corp.*, No. 09cv879 BEN, 2010 WL 2951972, at *3 (S.D. Cal. July 21, 2010) ("without an allegation of Plaintiff's ability to fully tender, the Amended Complaint fails to state a claim for rescission relief under TILA").

Yet, other district courts have rejected the notion that tender is necessary to survive a Rule 12(b)(6) motion. *Lonberg*, at 1208; *see Russell v. Mortg. Solutions Mgt. Inc.*, Civil No. 08-1092-PK, 2010 WL 3945109, at *4 (D. Or. Oct. 6, 2010) (Yamamoto does not sanction

dismissal at the pleading stage for failure to allege ability to tender); *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) ("Yamamoto did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded"); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579-BTM, 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009) ("[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission"). The decision to require tender "lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds." *Yamamoto*, 329 F.3d at 1173. As the nature of the Defendants' violations have not yet been determined and the record not sufficiently developed, the Court finds that there are inadequate facts to determine whether or not it would be equitable to require Plaintiff to tender prior to rescission. Therefore, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's TILA rescission claim for Plaintiff's alleged failure to show ability to tender.

### 2. DAMAGES

Plaintiff alleges that Defendants failed to properly notify Plaintiff of her three-day right to cancel the subject loan. (FAC ¶ 59.) Defendants assert that they are not liable under TILA because they are assignees rather than "creditors." Under 15 U.S.C. § 1641(a), liability for assignees only applies to situations where "the violation for which action or proceeding is brought is apparent on the face of the disclosure statement." Such a violation can include but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required by the subchapter. 15 U.S.C. § 1641; *Austero v. Aurora Loan Services*, No. C-11-00490, 2011 WL 3359729, at *15 (N.D. Cal. Aug. 3, 2011).

Here, Plaintiff alleges that she never received the required two copies of a Notice of Right to Cancel. (FAC ¶ 39.) This type of violation is not apparent from the face of a disclosure statement. Thus, Defendants are not liable as assignees and their Motion to Dismiss Plaintiff's TILA claim in this respect is **GRANTED** without leave to amend.

### B. PLAINTIFF'S RESPA CLAIM

5

Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff first alleges that she was sold a negative amortized loan, yet she was misled about the type of loan product she was obtaining. (FAC ¶¶ 67-70.) Plaintiff does not direct the Court to a specific RESPA provision under which the mere act of selling a negative amortized loan violates RESPA. (FAC ¶¶ 65-70.) Therefore, Plaintiff fails to state a claim in this respect and Defendants' Motion to Dismiss this claim is **GRANTED** with leave to amend.

Next, Plaintiff alleges that Direct Funding and MERS violated 12 U.S.C. § 2605 by failing to notify Plaintiff within the statutory period that Direct Funding was transferring the servicing of the loan to MERS. (FAC ¶ 68.) 12 U.S.C. § 2605(b) and (c) impose liability for servicers (Direct Funding) and transferee servicers (MERS), requiring that each "shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

Defendant argues that this claim should be dismissed because Plaintiff has allegedly failed to plead actual damages. (Mot. at 12.) While many courts have held that § 2605 requires a plaintiff to plead actual damages, it appears that these cases are limited to qualified written request violations, and not notification of transfer cases. *Edwards v. Wachovia Mort.*, No. 10CV1763 WQH, 2011 WL 4591907, at *4 (S.D. Cal. Oct. 4, 2011). Because the Court finds that Plaintiff was not required by §§ 2605(b) or (c) to plead actual damages, the Court **DENIES** Defendants' Motion to Dismiss the §§ 2605(b) and 2605(c) claims.

### C.   PLAINTIFF'S FRAUD CLAIM

Claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). To satisfy Rule 9(b)'s standard, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Specific content of the false representations as well as the identities of the parties of the misrepresentations" must be included in the pleadings. *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Thus, a plaintiff

cannot "merely lump multiple defendants together" but rather a plaintiff must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F. 3d at 764-765.

Additionally, while the requirements of Rule 9(b) are federally imposed, "a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1103 (9th Cir. 2003). In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1044 (E.D. Cal. 2010) (citing *Small v. Fritz Cos.*, 65 P. 3d 1255, 1258 (Cal. 2003)).

Procedurally, Plaintiff's FAC fails to allege a claim for fraud against specific defendants, except MERS. (FAC ¶¶ 101-107.) Plaintiff failed to adhere to the *Swartz* standard for claims alleging fraud against multiple defendants because Plaintiff did not "differentiate [her] allegations" and "did not inform each defendant separately of the allegations surrounding its alleged participation in the fraud." (*See* FAC ¶¶ 101-107.) Plaintiff uses general language such as "Defendants, and each of them" or "against all defendants" instead of differentiating which defendants performed specific acts giving rise to the suit for fraud. (FAC ¶106). This falls short of *Swartz* and thus Plaintiff has procedurally failed to allege a claim for fraud against all defendants, except MERS.

The court now turns to whether the allegations against MERS are sufficiently pleaded. Plaintiff only mentions MERS once when she claims "that defendant MERS lacked the power and authority to assign the note and deed of trust after the dissolution of the original lender, defendant DIRECT, and yet deceived the within court into believing that it did have such power and authority." (FAC ¶ 106.) Plaintiff does not plead the required elements of fraud because she does not state in her FAC that MERS had knowledge that it was giving false statements or that MERS had an intent to defraud. Therefore, Plaintiff's claim for fraud against all Defendants is hereby **DISMISSED WITHOUT PREJUDICE**.

D.  **PLAINTIFF'S ELDER AND DEPENDENT ADULT ABUSE CLAIM**

7

Plaintiff alleges that Defendants committed financial abuse of a dependent adult in violation of California Welfare & Institutions Code section 15600, *et seq.* (FAC ¶ 135.) Defendant argues the Elder and Dependent Adult Abuse Act does not confer upon the Plaintiff an independent cause of action. (Mot. at 15.)

In California appellate courts, "[t]here is a split of authority on whether the Elder Abuse Act creates an independent cause of action or merely provides additional remedies for some other cause of action." *Carter v. Prime Healthcare Paradise Valley, LLC*, 198 Cal. App. 4th 396, 404 n.6 (Ct. App. 2011); *see also Berkley v. Dowds*, 152 Cal. App. 4th 518 (Ct. App. 2007) ("[t]he Act does not create a cause of action as such, but provides for attorney fees, costs and punitive damages under certain conditions."); *cf. Perlin v. Fountain View Mgmt.*, 163 Cal. App. 4th 657, 666 (Cal. Ct. App. 2008). While the California Supreme Court has not directly addressed this issue, it has provided some "authority for the proposition that the Act creates an independent cause of action." *Perlin*, 163 Cal. App. 4th at 666; *see also Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771 (Cal. 2004) (specifically referring to "Elder Abuse Act causes of action"); *Barris v. County of Los Angeles*, 20 Cal. 4th 101 (Cal. 1999) (concluding that a cause of action for "reckless neglect" under the Elder Abuse and Dependent Adults Civil Protection Act is distinct from a cause of action based in professional negligence). Because it appears that the Supreme Court would conclude that the Elder Abuse Act confers an independent cause of action upon a private plaintiff, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's elder abuse claim.

### E.  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

Plaintiff next alleges breach of implied covenant of good faith and fair dealing. Plaintiff contends, *inter alia*, that Defendants willfully withheld disclosures, withheld notices in regard to excessive fees, willfully placed Plaintiff in a loan that she did not qualify for and could not afford. (FAC ¶ 47.)

A court "cannot conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing. *Akhavein v. Argent Mortgage Co.*, No. 5:09-cv-00634 RMW, 2009 WL 2157522, at *5 (N.D. Cal. July, 18 2009). The loan documents state that if "the default is not cured on or before the

date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." (Defendants' RJN, Exh. A, ¶ 22.) Further, "[i]f Lender invokes the power of sale, Lender shall execute ... a written notice of the occurrence" and "shall sell the Property at public auction to the highest bidder." (Defendants' RJN, Exh. A, ¶ 22); *Alcaraz v. Wachovia Mortgage, FSB*, No. CV F 08-1640 LJO, 2009 WL 160308, at *9 (E.D. Cal. Jan. 21, 2009) (good faith and fair dealing claim on foreclosure dismissed because the loan documents provided that defendant Wachovia could foreclose upon default). Because the loan documents provide the Defendants with a right to foreclose on the property, a breach of the implied covenant of good faith and fair dealing cannot be successfully pleaded. Therefore, Plaintiff's claim for the implied covenant of breach of covenant of good faith and fair dealing is hereby **DISMISSED WITH PREJUDICE.**

### F. UNCONSCIONABILITY

Plaintiff alleges a claim for unconscionability, contending that "based upon deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that Defendants were required to follow," the loan agreement and the trust deed are unconscionable. (FAC ¶ 116.)

It is well-established in California that unconscionability is an affirmative defense, not a cause of action. *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006); *Rubio v. Capital One Bank*, 613 F.3d 1195, 1206 (9th Cir. 2010); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010). Plaintiff may not assert unconscionability as an independent claim for relief. Therefore, Plaintiff's claim for unconscionability against all Defendants is hereby **DISMISSED WITH PREJUDICE**.

### G. PLAINTIFF'S CALIFORNIA CIVIL CODE CLAIMS

Plaintiff alleges four violations of the California Civil Code. Plaintiff claims that Defendants Direct Funding, Fidelity, and MERS violated sections 1920(a), 1916.7b(2),

1916.7(b)(4)(B), and 1916.7a(8). The Court **DISMISSES WITH PREJUDICE** Plaintiff's section 1916.7a(8) claim because that section of the California Civil Code does not exist.

Defendant argues that the remaining California Code claims are completely preempted by the federal Alternative Mortgage Transactions Parity Act ("AMTPA"; 12 U.S.C. sections 3801, *et seq.*). Through the Home Owners' Loan Act of 1933 ("HOLA"), Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464. "As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. section 560.2." *Silvas v. E*TRADE*, 514 F.3d 1001, 1005 (9th Cir. 2008). "[F]ederal regulations have no less preemptive effect than federal statutes." *Id.* "OTS has outlined a proper analysis in evaluating whether a state law is preempted under the regulation.

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption."

*Silvas*, 514 F.3d at 1005.

Plaintiff contends that sections 1920(a), 1916.7b(2), 1916.7(b)(4)(B) were violated by Defendants' conduct. (FAC ¶¶ 77-90.) All of these claims are listed in section 560.2(b), specifically sections 560.2(b)(3), (b)(4), and (b)(9). As stated above, when the law is of a type listed in paragraph (b), the analysis ends there, and the claim is preempted. *Silvas*, 514 F.3d at 1005. Therefore, Plaintiff's claims are preempted by federal law and are **DISMISSED WITH PREJUDICE**.[4]

---

[4] Plaintiff contends in her Opposition that all of her California Code claims are not preempted because they fall within section 560.2(c), e.g., contract and commercial law, real property law, homestead laws, tort laws, or any other law that OTS, upon review, finds (1) furthers a vital state interest and either has only an incidental effect on lending operations or is not otherwise contrary to the purpose expressed in paragraph (a). The Court does not reach the question of whether the laws fit within the confines of paragraph (c) because the Court ended its analysis after finding that all the claims were based on types of laws found in paragraph (b).

### H. PLAINTIFF'S CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 10241.3 CLAIM

Plaintiff alleges that Defendants violated California Business and Professions Code section 10241.3 because Defendants allegedly failed to provide Plaintiff with a copy of the requisite appraisal report within the specified time. Section 10241.3 states "[i]n any loan transaction in which a fee is charged to a borrower for an appraisal of the real property that will serve as security for the loan, a copy of the appraisal report shall be given by or on behalf of the broker to both the borrower and the lender at or before the closing of the loan transaction." The statute above makes clear that it is the responsibility of the broker to give both the borrower and the lender the appraisal report. Defendants do not fall within the definition of "broker" set forth by section 10131.[5] Therefore, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's section 10241.3 claim.

### I. PLAINTIFF'S BUSINESS AND PROFESSIONS CODE SECTION 17200 CLAIM

Plaintiff alleges that Defendants violated California Business and Professions Code section 17200. The California Supreme Court has defined "unfair competition" very broadly, to include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). An action under section 17200 borrows violations from other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200. *Id.*; *Farmers Ins. Exch. v. Superior Court of Los Angeles*, 2 Cal.4th 377, 383 (Cal. 1992). "Virtually any law - federal, state or local - can serve as a predicate for an action under Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (Cal. Ct. App. 2010). Because the Court has allowed Plaintiff's TILA and Elder Abuse claims to survive, predicate claims exist, which make

---

[5] A real estate broker is a person who, for compensation, sells/buys, leases, assists others in leasing, negotiates loans, and offers to sell, real property.

11

the section 17200 claim independently actionable. Therefore, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's section 17200 claim.

### J. PLAINTIFF'S DECLARATORY RELIEF CLAIM

Plaintiff alleges a claim for declaratory relief, which Defendant argues should be dismissed because the issues raised in that claim are also raised in other causes of action before the court. (Mot. at 14.)

"Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action." *Concorde Equity II, LLC v. Miller*, 732 F. Supp. 2d 990, 1002 (N.D. Cal. 2010). When claims for declaratory relief are duplicative of other claims in the FAC, then declaratory relief is therefore unnecessary and redundant. *Id.* at 1003; *Chan v. Chancelor*, No. 09cv1839-AJB, 2011 WL 5914263, at *6 (N.D. Cal. Nov. 28, 2011) ("[a]ll of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful purpose"). In the instant case, Plaintiff essentially uses her declaratory relief claim as a roadmap of all claims later addressed in the FAC, such as in paragraph 40 where Plaintiff asks the Court to declare that the foreclosure is void due to numerous violations of state and federal laws. (FAC ¶¶ 17-41.) Plaintiff pleads the same violations of state and federal laws in more detail elsewhere in her FAC, thus making Plaintiff's claim for declaratory relief redundant and unnecessary. Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim for declaratory relief.

### K. QUIET TITLE CLAIM

Plaintiff requests that the title in the Subject Property be quieted in favor of Plaintiff. "The purpose of a quiet title action is to establish one's title against adverse claims to real property." *Argueta v. J.P. Morgan Chase*, No. CIV 2:11-441 WBS, 2011 WL 6012323, at *6 (E.D. Cal. Dec. 1, 2011). Defendants argue that the claim for quiet title fails because Plaintiff has not alleged that she can tender the amount of the indebtedness (Mot. at 7) and Plaintiff responds that tender is inappropriate because the foreclosure was premised on fraud and would be inequitable to Plaintiff. (Opp'n at 16.) "A plaintiff must plead in his complaint that he has tendered or able to tender the debt due on the property." *Trapp v. Chase Home Fin.*, No.

5:09-cv-01178-DEW, 2010 WL 4703864, at *3 (C.D. Cal. Nov. 12, 2010).  Because Plaintiff has not alleged that she can or will in the future be able to tender the amount borrowed, the tender requirement is not met.  Plaintiff's claim to quiet title is hereby **DISMISSED WITHOUT PREJUDICE**, and is given leave to amend to show ability to tender.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED** in part and **DENIED** in part.  Plaintiff shall have twenty (20) days from the date of this Order to amend her Complaint, if she can in *good faith* assert facts to support her claims.  If Plaintiff fails to do so, all claims will be dismissed with prejudice.

**IT IS SO ORDERED**.

January 3, 2012

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE