**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. CHAVERS,<br><br>                Plaintiffs,<br>    v.<br>GMAC MORTGAGE, LLC *et al.*,<br><br>                Defendants. | Case No. 2:11-cv-01097-ODW (SSx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [41]** |

       Presently before the Court is Defendant Fidelity National Title Company's ("Fidelity") Motion to Dismiss Plaintiff Linda M. Chavers's ("Plaintiff") Second Amended Complaint ("SAC"). (Dkt. No. 41.) Because Plaintiff has not filed any opposition, and for the reasons discussed in Fidelity's papers, the Court **GRANTS** Fidelity's Motion to Dismiss.

       Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C. D. Cal. L. R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C. D. Cal. L. R. 7-12.

///

The hearing on Fidelity's motion was set for March 26, 2012. Plaintiff's opposition was therefore due by March 5, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Fidelity's Motion. Nevertheless, the Court proceeds to remark briefly on the procedural background of this case and substantive merits of Fidelity's Motion.

Plaintiff filed her original Complaint on February 4, 2011. (Dkt. No. 1.) On June 21, 2011, Fidelity filed a motion to dismiss, arguing that there were "simply no facts alleged that Fidelity engaged in any conduct whatsoever other than Fidelity failed to engage in some unspecified due diligence." (Dkt. No. 11, at 5.) On July 7, 2011, GMAC Mortgage, LLC; Mortgage Electronic Registration System, Inc.; and Executive Trustee Services, LLC (collectively, "GMAC Defendants") filed a separate Motion to Dismiss going to the substantive merits of Plaintiff's claims. (Dkt. No. 13.)

On August 1, 2011, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 19.) Accordingly, the Court dismissed Fidelity's and the GMAC Defendants' motions to dismiss as moot. On August 22, 2011, and August 23, 2011, Fidelity and the GMAC Defendants, respectively, filed motions to dismiss Plaintiff's FAC, both of which were substantially similar to their respective motions to dismiss Plaintiff's original Complaint. (Dkt. Nos. 21, 22.) On January 3, 2012, the Court issued an Order granting in part and denying in part the collective motions. (Dkt. No. 34.) Plaintiff was granted 21 days leave to amend.

On January 26, 2012, Plaintiff filed a SAC. (Dkt. No. 39.) In response, Fidelity filed the instant Motion to Dismiss, noting that Plaintiff's SAC "is nearly identical to the [FAC] in that there are still no allegations of any wrongdoing specifically addressing Fidelity." (Dkt. No. 41.)

Fidelity has now moved to dismiss each of Plaintiff's complaints, each time reiterating the exact same argument—that Plaintiff has failed to plead any allegations specific to Fidelity's conduct in this case. (*See* Dkt. No. 11, at 3 ("As for Fidelity,

there are no allegations of any specific conduct. [Fidelity] is only referenced once in [Plaintiff's] complaint. It is impossible for Fidelity to respond to the thirteen (13) causes of action based on an almost complete lack of any allegations."); Dkt. No. 21, at 5 ("As for Fidelity, there are no allegations of any specific conduct. [Fidelity] is only referenced once in the allegations of the FAC. It is impossible for Fidelity to respond to the fourteen (14) causes of action claims (sic) based on an almost complete lack of any allegations."); Mot. at 4 ("As for Fidelity, there are no allegations of any specific conduct. In fact, the only reference to Fidelity at all in the entire SAC is the identification of Fidelity's place of business. It is impossible for Fidelity to respond to five causes of action claims (sic) based on an almost complete lack of any factual allegations." (citation omitted)).) Nevertheless, despite repeated precise notice of the deficiencies in Plaintiff's pleadings with respect to Fidelity, Plaintiff has now failed for the third time to address these shortcomings. As a result, Plaintiff will not be afforded any further opportunities to amend her pleadings with respect to Fidelity.

In sum, Plaintiff's failure to timely oppose Fidelity's Motion to Dismiss may be deemed consent to the granting of Fidelity's Motion. *See* C. D. Cal. L. R. 7-12. Nevertheless, the Court has carefully considered Fidelity's arguments in support of its Motion. For the foregoing reasons, and for the additional reasons stated more fully in Fidelity's Motion to Dismiss, the Court finds that Plaintiff's SAC fails to state a claim against Fidelity upon which relief may be granted. The Court therefore **GRANTS** Fidelity's Motion in its entirety.

///
///
///
///
///
///
///

Further, it is now abundantly clear to this Court that any further attempts to amend with respect to Fidelity would be futile.  *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, __ (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.")  Accordingly, all of Plaintiff's claims against Fidelity are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

March 6, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**