O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. CHAVERS,<br><br>             Plaintiffs,<br>    v.<br>GMAC MORTGAGE, LLC et al.,<br><br>             Defendants. | Case No. 2:11-cv-01097-ODW (SSx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [40]** |

    Currently pending before the Court is Defendants GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., and Executive Trustee Services, LLC's (collectively "Defendants") Motion to Dismiss Plaintiff Linda M. Chavers's Second Amended Complaint ("SAC"). (Dkt. No. 40.)  For the reasons discussed in Defendants' papers, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend.

    Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C. D. Cal. L. R. 7-12.

The hearing on Defendants' motion was set for March 19, 2012. Plaintiff's opposition was therefore due by February 27, 2012. Nevertheless, the Court did not receive Plaintiff's Opposition until March 7, 2012.[1] Plaintiff's failure to timely oppose may therefore be deemed consent to the granting of Defendants' Motion. Nevertheless, the Court has carefully considered Defendants' arguments in support and, for the reasons discussed in Defendants' papers, hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint. The March 19, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

On the whole, Plaintiff's SAC represents only a half-hearted attempt at an amendment, which largely consists of sporadic sprinklings of new allegations that add few additional facts, much less any true substance. This sort of amendment borders on a sanctionable Federal Rule of Civil Procedure 11 violation, as it causes the Court to question whether Plaintiff truly has a good-faith basis for her factual contentions. Nevertheless, the Court will provide Plaintiff with a final attempt to amend her Complaint, with some direction.

First, one major thrust of Defendants' Motion to Dismiss is that Plaintiff has failed to tender her debt obligation, which is required to challenge a foreclosure sale. Indeed, recent California case law establishes that "[a] full tender must be *made* to set aside a foreclosure sale, based on equitable principles"; a mere allegation that Plaintiff has *offered* to tender is insufficient. *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011). In addition, a Plaintiff's tender allegation must be "credible." *E.g.*, *Cuaresma v. Deustche Bank Nat'l Co.*, No. C-11-03829 RMW, 2011 WL 4727805, at *3, *5 (N.D. Cal. Oct. 7, 2011).

With respect to tender, Plaintiff's SAC alleges that "defendants have refused plaintiff's tender of principal and interest owing on [her debt] obligation, which

---

[1] Plaintiff's Opposition contains a Declaration from Plaintiff's counsel indicating that her tardiness was the result of certain health complications. While the Court appreciates the seriousness of Plaintiff's condition, it strikes the Court as odd that Plaintiff's counsel would not so much as have a member of her office contact opposing counsel or the Court Clerk to arrange an extension.

1  plaintiff has properly proffered to defendants." (SAC ¶ 124.) This allegation, without
2  more, is neither credible nor sufficient for Defendants to prepare an answer. Plaintiff
3  does not allege when this tender was made, what the amount of her tender was, or
4  who rejected it; thus, it is impossible for Defendants to ascertain what Plaintiff
5  intended to constitute her "tender of principal and interest."

6        Plaintiff's untimely Opposition argues that "taken as a whole, the complaint
7  makes clear that tender is not even an issue or a requirement in this case, since the
8  plaintiff's position is that defendants lacked the authority to foreclose in the first
9  place, and the sale was and is void as a result." (Opp'n at 11.) To the extent that
10 Plaintiff argues her factual circumstances demonstrate a scenario wherein requiring
11 Plaintiff to tender her obligation prior to challenging the foreclosure would be
12 inequitable, Plaintiff must unambiguously plead as much in an amended pleading.

13       Second, the Court notes that Plaintiff's pleadings to date have far exceeded the
14 "short and plain statement" required by Federal Rule of Civil Procedure 8. "The court
15 (and any defendant) should be able to read and understand Plaintiff's pleading within
16 minutes." *Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, at *4
17 (E.D. Cal. Feb. 28, 2008) (citing *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.
18 1967)). Such has not been the case here. Thus, to the extent Plaintiff chooses to
19 amend her pleadings, plaintiff must eliminate from her pleadings—or at very least
20 whittle down—all preambles, introductory material, and arguments containing
21 background information not *directly related* to the *facts* constituting *Plaintiff's* claims
22 against *Defendants*. In particular, Plaintiff is urged to jettison any generalized or
23 sensationalized characterizations of the mortgage industry that do not directly bear
24 upon Plaintiff's specific claims against Defendants. Should Plaintiff fail to make such
25 an effort, the Court will dismiss the remainder of Plaintiff's case with prejudice.

26       Pursuant to the above instructions, Plaintiff may file an amended complaint
27 within fourteen (14) days from the date of this Order, provided Plaintiff can allege
28 / / /

1  additional facts necessary to state viable claims.² If Plaintiff fails to file an amended
2  complaint within fourteen days, the Court will dismiss all claims against Defendant
3  with prejudice. If Plaintiff does choose to amend, she must address all of those
4  shortcomings in her pleadings identified in Defendants' Motion by pleading—in good
5  faith and in compliance with Rule 11—additional *facts* supporting her claims. If
6  Plaintiff cannot allege new facts in good faith to support one or more of her claims,
7  Rule 11 dictates that Plaintiff *must* discard such claims.

8        Finally, Defendants too are reminded to comply with Rule 11. To the extent
9  Plaintiff amends her pleadings and Defendants deem an additional motion to dismiss
10 necessary, Defendants are admonished that any such motion must be *specifically*
11 tailored to Plaintiff's Third Amended Complaint. Any subsequent motions containing
12 mere regurgitations of previously filed motions will be disregarded, and Defendants
13 will be sanctioned.

15 **IT IS SO ORDERED.**

17 March 9, 2012

19 _____
20      **HON. OTIS D. WRIGHT II**
     **UNITED STATES DISTRICT JUDGE**

---

² The Court finds that Plaintiff's claims for violation of the Fair Housing Act, the Equal Credit Opportunity Act, and the Civil Rights Act arise out of the conduct, transaction, or occurrence set out in Plaintiffs prior pleadings. Accordingly, the Court will allow Plaintiff to proceed on these claims, so long as she sufficiently addresses the deficiencies in such claims as addressed in Defendants' Motion.